UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL CROSS JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 24 C 3209 ) ) Judge Sara L. Ellis |
| PENTAGON FEDERAL CREDIT UNION, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

    The Court grants Defendants' motion to dismiss [11]. The Court dismisses Plaintiff Darryl Cross, Jr.'s complaint with prejudice. The Court denies Cross' motion for summary judgment as moot [17] and terminates this case. See Statement.

**STATEMENT**

    Plaintiff Darryl Cross, Jr., sued Pentagon Federal Credit Union ("PenFed"), John Dorn, Sashi Vohra, and Chistopher Martin for allegedly repossessing a vehicle belonging to him after he defaulted on a loan. Cross contends that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") (Count I), 15 U.S.C. § 1692 *et seq.*, and the Truth In Lending Act ("TILA") (Count II), 15 U.S.C. § 1635. Defendants argue that Cross' complaint fails to state a claim. Because Cross has pleaded himself out of court, the Court grants Defendants' motion to dismiss and dismisses Cross' complaint with prejudice.[1]

    The Court briefly recounts the facts alleged in Cross's complaint, which the Court takes as true for purposes of resolving the motion to dismiss. On January 23, 2023, Cross entered a consumer credit transaction with PenFed to buy a 2019 Chevrolet Blazer RS (the "Loan").[2] According to the Loan, Cross agreed to make 71 payments of $642.64 per month beginning

---

[1] Although Cross' complaint names John Dorn, Shashi Vohra, and Christopher Martin, PenFed represents that during its meet-and-confer with Cross, Cross disclaimed any attempt to sue these people as individuals and rather named them as contacts for PenFed. Cross does not dispute this representation, and, more importantly, his complaint is silent as to any allegations against these individuals. Accordingly, the Court dismisses them as defendants from this case.

[2] The Court takes the facts in the background section from Cross' complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

March 9, 2023, and 1 payment of $642.05 on February 9, 2029, in exchange for the vehicle. Doc. 1 at 5. Cross alleges that he never received a Truth In Lending Disclosure when he signed the agreement. On December 28, 2023, PenFed sent Cross notice that it would repossess the vehicle due to Cross' non-payment. On January 12, 2024, Armor Recovery Solutions, which the complaint does not name as a defendant, repossessed the vehicle.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court starts with Cross' TILA claim. Cross argues that PenFed violated TILA when it did not provide him with notice of his right to rescind the Loan at closing. TILA applies to "any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). Cross attempts to obfuscate the obvious inapplicability of TILA to auto loans by eliding references to property used as a principal dwelling from his brief. *See* Doc. 14 at 2. His efforts are unavailing: by the law's plain language, Cross was not entitled to rescind the contract at all, much less receive notice of his "right" to do so. *See, e.g.*, *Jeffries v. Wells Fargo Bank, NA*, No. 10 C 5889, 2011 WL 5023396, at *4 (N.D. Ill. Oct. 19, 2011) ("Jeffries is not entitled to rescind the contract under 15 U.S.C. § 1635 because the contract was secured by the vehicle rather than real property that Jeffries used as her principal dwelling."). The Court therefore dismisses Cross' TILA claim with prejudice.

The Court now turns to Cross' FDCPA claim. Cross argues that PenFed lacked the right to repossess his vehicle because—based on his TILA claim—PenFed lacked a valid security interest. But PenFed's noncompliance with TILA did not void its valid security interest because PenFed had no obligation to comply with TILA. And its repossession of Cross' vehicle pursuant to the terms of the Loan did not itself violate the FDCPA because the law does not prohibit creditors from "collecting their own debt in their own name [if] their 'principal purpose' as an entity is not debt collection." *Schlaf v. Safeguard Prop., LLC*, 899 F.3d 459, 466 (7th Cir. 2018) (quoting *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)). PenFed repossessed Cross' vehicle to recover its own debt, and Cross does not allege (nor could he) that PenFed's principal purpose is debt collection. Accordingly, the Court dismisses Cross' FDCPA claim with prejudice. Because the Court finds that Cross' complaint fails to state a claim for relief, the Court also denies his motion for summary judgment as moot. *See* Doc. 17.

      The Court grants Defendants' motion to dismiss [11].  The Court dismisses Plaintiff Darryl Cross, Jr.'s complaint with prejudice.  The Court denies Cross' motion for summary judgment as moot [17] and terminates this case.

Dated: November 12, 2024                          /s/  Sara L. Ellis_____